IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DERICK L. DOLL and CATHERINE M. FLUEGEL, individually and as representatives of a Class of Participants and Beneficiaries on behalf of the Evergy, Inc. 401(k) Savings Plan, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Case No. 25-00043-CV-W-SRB ) ) |
| EVERGY, INC., DAVID A. CAMPBELL, TERRY BASSHAM, and THE ADMINISTRATIVE COMMITTEE OF THE EVERGY, INC. 401(k) SAVINGS PLAN, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Evergy, Inc. ("Evergy"), David A. Campbell ("Campbell"), Terry Bassham ("Bassham"), and the Administrative Committee of the Evergy, Inc. 401(k) Savings Plan's (the "Committee") (collectively "Defendants")[1] Motion to Dismiss for Failure to State a Claim. (Doc. #65.) For the reasons set forth below, the motion is DENIED.

---

[1] Defendant SageView Advisory Group LLC ("SageView") filed a separate motion to dismiss (Doc. #88), which this Court will address in a subsequent Order.

## I. FACTUAL BACKGROUND[2]

This case arises from losses incurred by the Evergy, Inc. 401(k) defined-contribution pension savings plan (the "Plan") which is governed under the Employee Retirement Income Security Act ("ERISA"). Defendants are fiduciaries of the Plan. Evergy is the Plan's sponsor, the Committee is the Plan's administrator, and SageView is the Plan's investment advisor. Plaintiffs and other proposed Class Members are participants and beneficiaries of the Plan who invested in the American Century Target Date Funds during the class period.

The Plan allows participants to direct the investment of their contributions but limits the investment options to those selected by the Plan's fiduciaries. If a Plan participant does not instruct how they want their money invested in the Plan, their retirement assets are placed into a qualified default investment alternative ("QDIA") which can include Target Date Funds ("TDFs"). TDFs are actively managed funds that target specific dates of retirement by gradually shifting allocations of stocks, bonds, and cash overtime to more conservative investments as the retirement target date approaches.

The Plan had investment policy statements ("IPSs") that set out investment management procedures. The first IPS went into effect in January 2010 (the "2010 IPS"), the second IPS went into effect in January 2013 (the "2013 IPS"), and the third IPS went into effect in September 2022 (the "2022 IPS"). The 2013 IPS stated:

> The [Plan] Committee, with the assistance of the Investment Consultant, [SageView,] will review the Plan's Investment Policy and monitor each investment option outlined in Appendix A on an ongoing basis, but no less frequently than annually. No less frequently than annually, the Committee will evaluate the investment results of the investment options.

---

[2] The allegations are taken from Plaintiffs Derick Doll, Catherine Fluegel, and Joseph Nagle's (collectively "Plaintiffs") Second Amended Consolidated Class Action Complaint ("SAC") (Doc. #55) without further citation or attribution unless otherwise noted. In considering Defendants' motion to dismiss, the Court takes the facts pleaded in the SAC as true and construes them in the light most favorable to Plaintiffs as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

2

Case 4:25-cv-00043-SRB    Document 100    Filed 09/10/25    Page 2 of 8

(Doc. #55, p. 13.)³ Both the 2013 IPS and 2022 IPS had similar statements outlining that the IPS "are guidelines only" and that "fiduciaries are not required to follow them." (Doc. #55, p. 15.)

Each Plan's investment option was benchmarked to a specific market index, and fund performance was evaluated and compared to a relevant peer group and given a peer group ranking. When an investment option fell into SageView's third quartile ranking, the investment was placed on a watch list and monitored for four consecutive quarters. If the investment option remained in the third quartile for the four consecutive quarters, a "detailed review of the option was made and a recommendation to replace or retain the option would be presented to the Committee." (Doc. #55, p. 14.)

In September 2021, SageView reported that at least one of the American Century TDFs did not pass the IPS scoring criteria. The Committee did not place the TDF on the watch list. By September 2023, five of the nine American Century TDFs did not pass the IPS scoring criteria and no action was taken on any of the five failing funds. Another American Century TDF, the 2065 TDF, fell into the fourth quartile ranking in December 2023. Under the 2022 IPS, the Committee should have done an immediate analysis to determine whether to remove the fund. SageView likewise did not recommend an analysis of the 2065 TDF. By May 2024, seven of the nine American Century TDFs failed the IPS scoring criteria.

In May 2024, SageView recommended the Committee begin soliciting and reviewing proposals from other providers of TDFs. On September 11, 2024, after proposals from multiple providers, the Committee concluded that "the American Century [TDFs had] demonstrated underperformance over a five-year period and its glidepath exposes participants to more risk in retirement." (Doc. #55, pp. 20-21.) The Committee selected BlackRock TDFs as the Plan's new

---

³ All page numbers refer to the pagination automatically generated by CM/ECF.

investment default and TDF option.  The Committee did not remove the American Century TDFs from the Plan until January 6, 2025.

Plaintiffs allege that Defendants breached their fiduciary duty of prudence by failing to monitor and remove the American Century TDFs as investment options based on the TDFs' underperformance.  Specifically, SageView "unreasonably and imprudently" favored American Century TDFs as investments and as QDIAs.  (Doc. #55, p. 2.)  Defendants did not perform any TDF or QDIA suitability analysis on the American Century TDFs from December 2018 until June 2024.  Defendants failed to immediately place the TDFs on a watch list once they fell into the third quartile of peer rankings.  Once a majority of American Century TDFs were placed on a watch list, Defendants waited almost two years to replace the TDFs.  Plaintiffs allege that Defendants "unreasonably provided a conservative equity allocation to young participants who had a long-term investment horizon."  (Doc. #55, pp. 2-3.)  As a result of Defendant's breach of their fiduciary duties, Plaintiffs allege the Plan lost millions of dollars.

On June 24, 2025, Plaintiffs filed their SAC.  The SAC asserts two claims: Count I—Breach of Duty of Prudence of ERISA against Defendants the Committee and SageView; and Count II—Failure to Adequately Monitor Other Fiduciaries under ERISA against Defendants Evergy, Campbell, and Bassham.  Defendants have moved to dismiss both of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

### III. DISCUSSION

#### A. Count I—Breach of Duty of Prudence of ERISA against Defendants the Committee and SageView

Defendants argue that Plaintiffs' Count I should be dismissed as to the Committee because "Plaintiffs do not allege meaningful benchmarks for assessing the prudence of the American Century TDFS[.]" (Doc. #66, p. 18.) Plaintiffs argue that "[b]ecause Plaintiffs . . . *directly* allege five specific fiduciary procedural defects in Defendants' fiduciary process, . . . there is no longer a need to infer a fiduciary breach through use of 'meaningful benchmarks.'" (Doc. #87, p. 6) (emphasis in original).

The duty of prudence under ERISA obligates fiduciaries to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). As part of this duty of prudence, "a trustee has a continuing duty to monitor trust investments and remove

5

Case 4:25-cv-00043-SRB    Document 100    Filed 09/10/25    Page 5 of 8

imprudent ones." *Tibble v. Edison Int'l*, 575 U.S. 523, 528-29 (2015). "*In the absence of significant allegations of wrongdoing*, the way to plausibly plead [imprudence] is to identify similar plans offering the same services for less." *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 279 (8th Cir. 2022) (emphasis added) (citations omitted); *see also Barrett v. O'Reilly Auto., Inc.*, 112 F.4th 1135, 1139 (8th Cir. 2024) ("Without meaningful benchmarks, a complaint fails to meet basic pleading requirements, *at least in the absence of other non-conclusory allegations of mismanagement*.") (emphasis added).

The Court agrees with Plaintiffs that significant allegations of wrongdoing eliminate the need to infer a fiduciary breach through use of meaningful benchmarks. Plaintiffs' allegations of wrongdoing are significant enough to reasonably infer Defendants' breach of their duty of prudence. *See Barrett*, 112 F.4th at 1138 (noting significant allegations of wrongdoing include "failing to hold meetings or rubber-stamping the work of the recordkeeper."). Plaintiffs allege that "[t]he Plan Committee engaged in at least five major Plan fiduciary process errors during the Class Period that deviated from 'guidelines concerning the selection, evaluation, and monitoring of Plan investment options' in the January 2013 and September 2022 Plan IPSs:

> a. uncritically relied on the Plan co-fiduciary and investment advisor and consultant, SageView, who unreasonably and imprudently favored American Century TDFs to be Plan investments and qualified default investment alternatives ("QDIAs") from the beginning of the Class Period until January 5, 2025;
> b. failed to follow its investment policy statements ("IPSs") and Plan Committee practice which required Plan funds falling into the third quartile of peer rankings to immediately to be placed on a Watch List;
> c. unreasonably provided a conservative equity allocation to young participants who had a long-term investment horizon;
> d. did not undertake any TDF or QDIA suitability analysis with regard to the American Century Funds from December 2018 until June 2024; and
> e. waited almost two years from the time that a majority of the American Century TDFs were on the Watch List (March 2023) before replacing them on January 6, 2025."

6

(Doc. #55, pp. 23-24.)

While Defendants argue that Plaintiffs' allegations of wrongdoing "do not suggest that the Committee's conduct was outside the 'range of reasonable judgments' that fiduciaries make[,]" (Doc. #66, p. 29), such an argument concerns factual disputes not appropriate for a motion to dismiss. Like the allegations recognized to be sufficient in *Barrett*,[4] Plaintiffs' allegations of wrongdoing are sufficient to survive a motion to dismiss.

Defendants contend Count I "fails for a separate reason—it rests on the hindsight allegation that Defendants could have selected a TDF suite that generated better returns than the American Century TDFs." (Doc. #66, p. 23.) "The fact that one fund with a different investment strategy ultimately performed better does not establish anything about whether the [challenged funds] were an imprudent choice at the outset." *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018). Unlike the plaintiff in *Meiners*, who "only pled that one [comparable] fund . . . performed better than the [challenged funds,]" *id.*, Plaintiffs here allege that American Century TDFs underperformed comparable TDFs *and* specific incidences where Defendants failed to evaluate and monitor the American Century TDFs in accordance with their guidelines. (Doc. #55, pp. 23-24.) As the Court discussed above, Plaintiffs' significant allegations of wrongdoing are sufficient to plead a breach of duty of prudence claim. Therefore, the Court denies Defendants' motion to dismiss Count I as to the Committee.

---

[4] Defendants recognize that significant allegations of wrongdoing include "rubber-stamping the work of [a] recordkeeper[,]" but argue that Plaintiffs do not make similar allegations. (Doc. #98, pp. 7-8.) Defendants do not mention, however, that significant allegations of wrongdoing also include "failing to hold meetings[.]" *See Barrett*, 112 F.4th at 1138. Like the "five major Plan fiduciary process errors" provided, (Doc. #55, pp. 23-24), Plaintiffs contend that "one of the American Century [TDFs] fell into the Fourth Quartile in December 2023, which required an immediate analysis of whether it should be removed under the September 2022 IPS, and this was not done by the Plan Committee or recommended by SageView." (Doc. #55. p.20.)

7

## B. Count II—Failure to Adequately Monitor Other Fiduciaries under ERISA against Defendants Evergy, Campbell, and Bassham

Defendants argue that Plaintiffs' Count II should be dismissed "because it is a derivative cause of action that falls within Plaintiffs' claim that the American Century TDFs were imprudent," and the breach of duty of prudence claim does not survive. (Doc. #66, pp. 31-32.) Because Plaintiffs' breach of duty of prudence claim survives, and Plaintiffs sufficiently pled a failure to monitor claim, the Court denies Defendants' motion to dismiss Count II.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. #54) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2025

8

Case 4:25-cv-00043-SRB    Document 100    Filed 09/10/25    Page 8 of 8