UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DERICK L. DOLL, CATHERINE M. FLUEGEL, and JOSEPH NAGLE, individually and as representatives of a Class of Participants and Beneficiaries on behalf of the Evergy, Inc. 401(k) Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>EVERGY, INC., DAVID A. CAMPBELL, TERRY BASSHAM, THE PLAN COMMITTEE OF THE EVERGY, INC. 401(k) SAVINGS PLAN ; and SAGEVIEW ADVISORY GROUP LLC,<br><br>Defendants. | Case No.: 4:25-cv-43-SRB<br><br><br><br>*ELECTRONICALLY FILED* |

## REPLY SUGGESTIONS IN SUPPORT OF
## SAGEVIEW ADVISORY GROUP LLC'S MOTION TO DISMISS

**FAEGRE DRINKER BIDDLE & REATH LLP**
W. Glenn Merten (*pro hac vice*)
1500 K Street, N.W., Suite 1100
Washington, DC 20005
Telephone: (202) 230-5235
Facsimile: (202) 842-8465
*glenn.merten@faegredrinker.com*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Allison S. Egan (*pro hac vice* forthcoming)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-1982
Facsimile: (215) 988-2757
*allison.egan@faegredrinker.com*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Alicia R. Olszeski (#66168MO)
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1219
Facsimile: (312) 569-3000
*ali.olszeski@faegredrinker.com*

The facts asserted and claims pled against SageView are legally flawed and factually unsupported in ways distinct from those asserted against co-defendant Evergy. The Second Amended Consolidated Complaint ("SACC") makes clear that Plaintiffs' theory of fiduciary liability hinges on SageView's purported "discretion" over Plan funds and investments. The problem, as SageView pointed out in its motion to dismiss, is that it never had discretion to remove the American Century TDFs from the Plan, and thus cannot be liable as a fiduciary for failing to remove them. In their Suggestions in Opposition ("Opposition" or "Opp."), ECF No. 99, Plaintiffs attempt to amend their theory of liability and pivot from one of discretion to one of "investment advice," but Plaintiffs cannot amend the SACC via their Opposition. The SACC does not plead facts showing that SageView had an imprudent investment advice process. Plaintiffs ask this Court to ignore facts that they allege showing that SageView's process was prudent. Moreover, allegations of "misconduct" are unsupported, conclusory or purported "requirements" Plaintiffs invented for purposes of this litigation. When considered as a whole, the facts pled in the SACC are insufficient to allege imprudence. The SACC should be dismissed.

I. **The SACC Does Not Base Sageview's Liability on The Provision of Investment Advice**

In their Opposition, Plaintiffs disclaim and abandon their allegations in the SACC that SageView was a fiduciary because it had responsibility and discretionary authority to control the Plan's operation, management, or administration. SACC ¶¶ 53, 230-31, 233, 235, 237; Opp. at 3. Plaintiffs now purport to allege that SageView was a fiduciary because it "had fiduciary responsibility to advise the Evergy Defendants about Plan investments, and that SageView engaged in wrongdoing in providing defective investment advice to the Evergy Defendants with regard to the Plan investments in the American Century TDFs." Opp. at 7. This theory of fiduciary liability is absent from the SACC, which Plaintiffs now appear to concede. *Id*. at 8-10. The court

1

should consider only the allegations actually plead in the SACC, not those Plaintiffs attempt to add through their Opposition.

As Plaintiffs acknowledge, *see* Opp. at 8, a party "not specifically named" as a fiduciary, like SageView, can only owe fiduciary duties under three circumstances set forth in ERISA Section 3(21)(A): if the party "(i) exercises any discretionary authority or control over management of the plan or its assets; (ii) offers "investment advice for a fee" to plan members; or (iii) has "discretionary authority" over plan "administration." *McCaffree Fin. Corp. v. Principal Life Ins. Co.*, 811 F.3d 998, 1002 (8th Cir. 2016) (citing 29 U.S.C. § 1002(21)(A). By the statute's plain terms, if SageView lacks discretion over plan management, assets, or administration it can only be a fiduciary if it offers "investment advice for a fee" under 3(21)(A)(ii).

Critically, the "investment advice for a fee" theory of fiduciary liability is **not** premised on the investment advisor's discretion over plan administration, management, or assets. *See Ellis v. Rycenga Homes, Inc.*, 484 F. Supp. 2d 694, 710–11 (W.D. Mich. 2007) ("[Investment advisor] was a fiduciary in the circumstances of this case because it rendered investment advice within the meaning of section 3(21)(A)(ii) of ERISA, not because it had discretion over administration of the plan or control of its assets."); *see also Ramos v. Banner Health*, No. 15-CV-2556-WJM-MJW, 2017 WL 4337598, at *2 (D. Colo. Sept. 29, 2017) ("Based on the services performed on behalf of the plan, [investment advisor] is a fiduciary to the Plan because it rendered investment advice for a fee with respect to Plan assets, or had responsibility to do so."). Fiduciary duties only extend to "those matters falling within the scope of a person's fiduciary undertaking." *Ellis*, 484 F. Supp. 2d at 711. Thus, if it is alleged that a party is a fiduciary on account of providing investment advice for a fee, their liability is "*limited to the provision of investment advice.*" *Id*. (emphasis added).

Plaintiffs now argue that the SACC alleges SageView is a fiduciary because SageView provided investment advice for a fee. *See* Opp. at 8. The SACC alleges no such thing. Neither the word "advice" nor the phrase "investment advice" appear in the SACC, not even once. Nor does the SACC cite Section 3(21)(A)(ii) as the basis of SageView's liability, or indeed at any point. Instead, Plaintiffs' fiduciary theory against SageView in the SACC is grounded entirely on SageView's supposed "exclusive responsibility and complete discretionary authority to control the operation, management, and administration of the Plan." SACC ¶ 53. Plaintiffs repeat this theory throughout Count I of the SACC, the only claim they bring against SageView:

- "Defendant Plan Committee and SageView, as fiduciaries of the Plan, are *responsible for selecting and maintaining prudent investment options* and taking any other necessary steps to ensure that the Plan's assets are invested prudently." *Id*. ¶ 230;

- "Defendant Plan Committee and SageView had a fiduciary duty to do all of the following: *manage the assets of the Plan prudently* and act with the care, skill, diligence, and prudence required by ERISA." *Id*. ¶ 231;

- "Defendant Plan Committee and SageView, as fiduciaries of the Plan, had a continuing duty to regularly monitor and independently assess before and during the Class Period *whether the Plan's TDFs were prudent choices for the Plan and to remove imprudent investment options.*" *Id*. ¶ 233;

- "Defendant Plan Committee and SageView were directly responsible for: evaluating and monitoring the Plan's investment options, including the American Century TDFs, in a prudent fashion; *eliminating funds, such the American Century TDFs, that were no longer prudent investment options; and taking all necessary steps to ensure that the Plan's assets were invested prudently and appropriately.*" *Id*. ¶ 235;

- "Defendant Plan Committee and SageView, as fiduciaries of the Plan, had a continuing duty to regularly monitor and independently assess through the Plan 2013 and 2022 IPSs whether the Plan's TDFs were prudent choices for the Plan *and to remove imprudent investment options regardless of how long those investments had been in the Plan.*" *Id*. ¶ 237.

Nowhere in Count I do Plaintiffs claim SageView was a fiduciary because it provided investment advice or that it breached fiduciary obligations to provide adequate investment advice. This is largely because Count I parrots, nearly verbatim, the language of the previous complaint, which was brought only against the Evergy Defendants. *Compare* SACC ¶¶ 228-40 *with*, ECF No.

3

27, ¶¶ 132-43. Plaintiffs simply added "and SageView" to the allegations they previously asserted against the Plan Committee but expect this Court to believe that they intended to assert an entirely separate theory of liability against SageView. That explanation defies credulity.

Plaintiffs' attempt to change their theory of fiduciary liability in their Opposition to save their claims is not permitted. Plaintiffs may not amend the complaint by way of "additional detail in [] response to the motion to dismiss," because such statements in an opposition do not "technically amend the complaint." *Mack v. Equifax Info. Servs. LLC*, 2020 WL 3052091, at *3 (D. Minn. May 11, 2020), *report and recommendation adopted*, 2020 WL 3048017 (D. Minn. June 8, 2020); *see also Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir.1989) ("a complaint may not be amended by the briefs in opposition to a motion to dismiss")).

As clearly stated in the SACC, Plaintiffs allege that SageView breached the ERISA fiduciary duty of prudence by retaining the American Century TDFs as Plan investments and failing to replace them. In order to plausibly allege a claim premised on this theory of liability, Plaintiffs *concede* that they must allege that SageView was a fiduciary with respect to *the decision* to retain the American Century TDFs. Opp. at 8. Plaintiffs further concede that they do not so. *Id*. at 8-10. The SACC should be dismissed for failure to allege that SageView was a fiduciary with respect to "*the action subject to complaint*"—the decision to retain the American Century TDFs. *Pegram v. Herdrich,* 530 U.S. 211, 226 (2000) (emphasis added).

II.     **The SACC Does Not Assert Facts That Sageview Had an Imprudent Process**

Even if Plaintiffs had alleged an "investment advice" theory of fiduciary liability against SageView in the SACC pursuant to Section 3(21)(A)(ii), which they do not, Plaintiffs have not alleged sufficient facts that SageView's process was imprudent. As Plaintiffs concede, any breach of prudence claim must be premised on "the fiduciaries' decision-making process, not the results of that process." Opp. at 7 (citing *Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019

4

WL 3938471, at *5 (N.D. Iowa Aug. 20, 2019)). When the alleged imprudent conduct is investment advice, as Plaintiffs now claim it is, Plaintiffs cannot merely parrot the supposed process deficiencies of the plan sponsor defendants. *See, e.g., Bowers v. BB&T Corp.*, No. 1:15-cv-732, Slip Op., Dkt. No. 150, Order and Judgment as to Cardinal Investment Advisors, LLC (dismissing claims against an investment advisor because plaintiffs "do little more than use the word 'Defendants' or add the phrase 'and [investment advisor]' to allegations against other defendants, and there "are no facts alleged" specific to the investment advisor's process). Plaintiffs' must specifically allege that the *investment advice process* was imprudent, and they have not done so here. *See, e.g., Sacerdote v. Cammack Larhette Advisors, LLC*, 2024 WL 4882173, at *7 (S.D.N.Y. Nov. 22, 2024) (denying motion to dismiss because plaintiffs sufficiently alleged that investment advisor Cammack's duty as an investment advisor extended to providing advice concerning the recordkeeper's use of participant data).

As a threshold matter, Plaintiffs allege that the "Plan Investment Reviews" provided by SageView "from December 2018 through June 2024" contained sufficient information for the Plan Committee to assess the performance of the American Century TDF suite, and the advisability of maintaining it in the Plan. SACC ¶ 108; *see also id.* ¶ 107. In other words, SageView's processes worked. This allegation undercuts Plaintiffs' attempt in their Opposition to convert their claims to an "investment advisor" theory of fiduciary liability, and expressly contradicts any suggestion that SageView's process was insufficient. The claim against SageView should be dismissed on this basis alone.

Separately, Plaintiffs point to just five allegations (out of hundreds) in the SACC that they claim are direct allegations of SageView's deficient investment advice process. Opp. at 13. Plaintiffs claim that these are allegations of "direct mismanagement" and "significant wrongdoing"

5

that the Eighth Circuit has held are sufficient to support breach of prudence claims against an investment advisor. *Id*. at 3, 11-12 (citing *Barrett v. O'Reilly Auto., Inc.*, 112 F.4th 1135, 1138 (8th Cir. 2024); *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 279 (8th Cir. 2022); *Tussey v. ABB, Inc.*, 746 F.3d 327, 336 (8th Cir. 2014); *Bracalente v. Cisco Systems, Inc.*, 2024 WL 2274523, at *5 (N.D. Cal. May 20, 2024) (same)).[1] Each of the cases Plaintiffs cite involves claims brought against plan sponsors and related fiduciaries over the alleged imprudence of the plans' investments. The investment advisor is not a defendant to any of these cases, and *none* of them involve *any* allegations about the supposed imprudence of an investment advisor's process. Accordingly, these cases are irrelevant, because they say *absolutely nothing* about the fiduciary contours of investment advice, and they provide no guidance to this Court about what Plaintiffs are required to plead in order to allege SageView's investment advice process was imprudent.

The five allegations of supposed "wrongdoing" by SageView do not adequately allege SageView's investment advice process was defective. Instead, these allegations are irrelevant to SageView, conclusory, inconsistent with other facts plead in the SACC, or constitute "requirements" entirely of Plaintiffs' own making, and do not provide a basis to avoid dismissal.

First, Plaintiffs claim that "[i]t appears" SageView was "manipulating its IPS scoring criteria" to "make sure . . . they would not have to be placed on the Watch List." Opp. at 13 (citing SACC ¶ 133). As evidenced by the qualifier "it appears," this allegation is entirely speculative,

---

[1] Plaintiffs disavow reliance on the alleged poor performance of the American Century TDF suite as circumstantial evidence of a lack of prudence. Opp. at 13-14; SACC ¶¶ 151-214. With good reason; in a recent decision the United States District Court for the Northern District of California dismissed identical claims regarding the American Century TDF suite claims brought by the same plaintiff's counsel as in this case. *Phillips v. Cobham Advanced Elec. Sols., Inc.*, 2025 WL 2689268 (N.D. Cal. Sept. 19, 2025). The *Phillips* court rejected many of the same arguments asserted here, including most notably that the proposed comparator TDFs—the same seven TDF suites as the proposed comparators here—are meaningful benchmarks for the American Century TDF suite. *Id.* at *5-*7; *see also* SACC ¶¶ 173-95.

6

Case 4:25-cv-00043-SRB   Document 109   Filed 10/07/25   Page 7 of 13

and Plaintiffs offer no factual support for it either in the SACC or in their Opposition. Allegations must go "beyond the speculative level" before courts can consider them. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *see also Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("sheer speculation, bald assertions, and unsupported conclusory statements" fail to state a claim).

Second, Plaintiffs claim SageView "unreasonably favored" retention of the American Century TDFs. Opp. at 13 (citing SACC ¶ 100). Again, this allegation is speculative and conclusory, and Plaintiffs offer no facts to support it. Indeed, the SACC asserts just the opposite: (1) SageView put the American Century TDF suite on the watchlist in March 2023, which is the first step in recommending their removal, SACC ¶ 3(e); (2) SageView kept the TDF suite on the watchlist for four quarters and then recommended that the Plan Committee solicit proposals from other TDF providers, which are more steps in furtherance of removal, *id.* ¶¶ 117, 120; and (3) SageView recommended that the American Century TDF suite be removed from the Plan, *id.* ¶ 106. Taking affirmative steps to remove a TDF suite from a plan lineup and then *actually recommending its removal* contradicts any assertion that SageView "favored" the suite.

Third, Plaintiffs claim SageView failed to "engage in a process to identify and consider [TDF] goals, preferences, needs, and abilities and to select a default investment consistent with that analysis." Opp. at 13 (citing SACC ¶ 92). This allegation does not involve SageView's investment advice process, but an alleged failure to "select" an investment consistent with certain criteria. But according to Plaintiffs, they do not assert claims against SageView based on the "selection" of Plan investments, including the TDF suite. Opp. at 3. Accordingly, this allegation cannot support any claims of a fiduciary breach as to SageView. Moreover, it is inconsistent with other allegations that SageView provided the Plan Committee with investment reviews on a

7

Case 4:25-cv-00043-SRB    Document 109    Filed 10/07/25    Page 8 of 13

quarterly basis that included a detailed analysis of the American Century TDF suite, complete with a scoring rubric based on qualitative and quantitative factors, SACC ¶¶ 68-77, that Plaintiffs concede contain "all the necessary information" to analyze the TDF suite. *Id.* ¶¶ 107-08.

Fourth, Plaintiffs claim SageView did not "conduct any TDF suitability analyses or comparative TDF analyses" for "over five and half years." Opp. at 13 (citing SACC ¶ 109). This allegation, on its own, says nothing about the prudence of SageView's investment advisory process. Plaintiffs do not explain what a "TDF suitability analysis" is, why such an analysis would be required to fulfill a prudent investment advice process, how such an analysis would be distinct from what SageView was already doing with respect to its quarterly review process for the American Century TDFs, and on what timeline such an analysis would be required. Nor do Plaintiffs cite any statute, regulation or caselaw providing that prudent investment advisors conduct these analyses on any particular timeline. The lack of additional allegations and any supporting caselaw indicates Plaintiffs completely invented this "requirement."

Finally, Plaintiffs claim that SageView "took no further action" in September 2023, when "only four out of nine of the American Century TDFs passed IPS scoring criteria." Opp. at 13 (citing SACC ¶ 118). Again, this allegation says nothing about the prudence of SageView's investment advisory process, because again, Plaintiffs do not allege prudent fiduciaries would have taken further action, or what that "action" would be. Nor do they allege the IPS required SageView to take further action under these circumstances. As Plaintiffs concede, the TDF suite was already on the Watch List in September 2023, and had been since the end of first quarter of 2023. SACC ¶ 3(e). In other words, SageView had a process in place, and Plaintiffs do not explain how or why this process was insufficient, or why their invented "requirement" that SageView should have taken unspecified additional action was superior to that process.

8

Plaintiffs' argument that these five allegations supposedly indicate an imprudent investment advisory process is unavailing, particularly in light of the significant facts pled in the SACC that point to the *prudence* of SageView's process. Plaintiffs describe SageView's investment advice process as grounded in a written investment philosophy (found in the Plan's IPS) that was "prudent and acceptable." ECF No. 89 at 7-9, 16-18; SACC ¶ 56. SageView provided the Plan Committee with investment reviews on a quarterly basis that "provided the Plan Committee with all the necessary information to do the required IPS analysis." *Id*. ¶ 107. SageView adhered to the admittedly prudent IPS with respect to the American Century TDFs, including placing the suite on the Watch List when performance was in the third quartile, and then a timely review and recommendation to replace the suite when performance did not improve over four quarters. *Id*. ¶¶ 80, 117, 120. Courts, including in a recent case involving the American Century TDFs, have held these practices indicate prudence. *See, e.g., Phillips,* 2025 WL 2689268, at *9 (rejecting "direct process-based" allegations when amended complaint alleged that investment advisor provided data regarding funds and "performance vs. peer group" metrics); *In re Prime Healthcare ERISA Litig.*, 2024 WL 3903232, at *19 (C.D. Cal. Aug. 22, 2024) (process prudent when investment consultant provided quarterly reviews in accordance with investment policy, including qualitative and quantitative investment criteria); *Huang v. TriNet HR III, Inc.*, 2023 WL 3092626, at *2 (M.D. Fla. Apr. 26, 2023) (process prudent when investment consultant had scorecard system for funds and adhered to watchlist policy).

Plaintiffs argue that this Court shouldn't consider these facts from the SACC because "fact-based" arguments are inappropriate at the motion to dismiss stage. Opp. at 12. Not so. First, these are not facts outside of the pleadings SageView seeks to introduce – they are pled in the SACC. Plaintiffs cannot avoid inconvenient facts when they pled them. Moreover, the Supreme Court has

9

made clear that courts are *required* to parse a fiduciary breach complaint's factual allegations with "careful, context-sensitive scrutiny" to weed out meritless claims. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014); *see also Phillips*, 2025 WL 2689268, at *9 (dismissing claims regarding American Century TDFs because "binding" Supreme Court "case law requires 'careful judicial consideration of whether [a] complaint states a claim' for breach of the duty of prudence"). Because the scope of the duty of prudence turns on "the circumstances ... prevailing" at the time the fiduciary acts," this inquiry will necessarily be context specific—in other words, it will consider all the facts pled in the SACC, not just the ones Plaintiffs prefer. *Id.* at 425 (citing § 1104(a)(1)(B)). This Court must consider the entire factual picture the SACC paints, keeping in mind that "the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise." *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022).

The SACC *admits* that the investment policy set forth in the IPS was prudent and that SageView provided the Plan Committee with quarterly investment reviews that included everything the Plan Committee needed to perform the admittedly prudent IPS analysis. Plaintiffs want this Court to ignore these facts but consider the five allegations of alleged "misconduct," but these are unsupported or conclusory, or requirements that Plaintiffs simply made up. When the facts alleged in the SACC are considered as a whole, SageView's investment advisory process falls within "the range of reasonable judgments" they may make. The SACC should be dismissed.[2]

### III. Conclusion

For these reasons, the claim against SageView should be dismissed with prejudice.

---

[2] Plaintiffs have had ample opportunity to assert a viable cause of action against SageView, aided by a substantial document production from Evergy. They should not be afforded another chance, and the claim against SageView should be dismissed with prejudice.

DATED: October 7, 2025

/s/ W. Glenn Merten
Alicia R. Olszeski, #66168MO
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1219
Facsimile: (312) 569-3000
Email: *ali.olszeski@faegredrinker.com*

W. Glenn Merten (*pro hac vice*)
Faegre Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005
Telephone: (202) 230-5235
Facsimile: (202) 842-8465
Email: *glenn.merten@faegredrinker.com*

Allison S. Egan (*pro hac vice* forthcoming)
Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-1982
Facsimile: (215) 988-2757
Email: *allison.egan@faegredrinker.com*

*Attorneys for Defendant SageView Advisory Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on October 7, 2025, through the Court's electronic CM/ECF system. All parties are represented by counsel of record who are registered with the CM/ECF system, and all counsel will receive notice of this filing electronically from that system.

/s/ *W. Glenn Merten*
W. Glenn Merten