# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DERICK L. DOLL, et al.,          )
                                 )
                Plaintiffs,      )
                                 )          Case No. 25-CV-00043-SRB
 v.                              )
                                 )
EVERGY, INC., et al.,            )
                                 )
                Defendants.      )

## ORDER

Before the Court is Plaintiffs Derick L. Doll ("Doll"), Catherine M. Fluegel ("Fluegel"), and Joseph Nagle's ("Nagle") (collectively, "Plaintiffs") Motion for Class Certification.  (Doc. #74.)  For the reasons set forth below, the motion is GRANTED.

## I.      BACKGROUND[1]

This case arises from losses incurred by the Evergy, Inc. 401(k) defined-contribution pension savings plan (the "Plan") which is governed under the Employee Retirement Income Security Act ("ERISA").  The Plan allows participants to direct the investment of their contributions but limits the investment options to those selected by the Plan's fiduciaries.  If a Plan participant does not instruct how they want their money invested in the Plan, their retirement assets are placed into a qualified default investment alternative ("QDIA") which can include Target Date Funds ("TDFs").  TDFs are actively managed funds that target specific dates of retirement by gradually shifting allocations of stocks, bonds, and cash overtime to more conservative investments as the retirement target date approaches.

---

[1] The facts are taken from Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") (Doc. #55) and from the parties' briefs and attached exhibits.  Only the facts necessary to resolve the pending motion are discussed, and those facts are simplified to the extent possible.  Further relevant facts are discussed in Section III.

1

Plaintiffs are participants and beneficiaries of the Plan who invested in American Century TDFs. Defendants are fiduciaries of the Plan. Specifically, Evergy, Inc. ("Evergy") is the Plan's sponsor, the Administrative Committee of the Plan (the "Committee") is the Plan's administrator, and SageView Advisory Group LLC ("SageView") is the Plan's investment advisor. David A. Campbell ("Campbell") is the current Chief Executive Officer of Evergy and Terry Bassham ("Bassham") is Campbell's predecessor.

The Plan's investment options were benchmarked to a specific market index, and fund performance was evaluated and compared to a relevant peer group and given a peer group ranking. When an investment option fell into SageView's third quartile ranking, the investment was placed on a watch list and monitored for four consecutive quarters. If the investment option remained in the third quartile for the four consecutive quarters, a "detailed review of the option was made and a recommendation to replace or retain the option would be presented to the Committee." (Doc. #55, p. 13.)

In September 2021, SageView reported that at least one of the American Century TDFs did not pass the IPS scoring criteria. The Committee did not place the TDF on the watch list. By September 2023, five of the nine American Century TDFs did not pass the IPS scoring criteria and no action was taken on any of the five failing funds. Another American Century TDF, the 2065 TDF, fell into the fourth quartile ranking in December 2023. Under the 2022 IPS, the Committee allegedly should have done an immediate analysis to determine whether to remove the fund. SageView likewise did not recommend an analysis of the 2065 TDF. By May 2024, seven of the nine American Century TDFs failed the IPS scoring criteria.

In May 2024, SageView recommended the Committee begin soliciting and reviewing proposals from other providers of TDFs. On September 11, 2024, after proposals from multiple

2

providers, the Committee concluded that "the American Century [TDFs had] demonstrated underperformance over a five-year period and its glidepath exposes participants to more risk in retirement." (Doc. #55, pp. 19-20.) The Committee did not remove the American Century TDFs from the Plan until January 6, 2025.

Plaintiffs claim that the Committee and SageView "breached their fiduciary duties of prudence to Plan participants, including Plaintiffs, by failing to engage in a prudent fiduciary process for monitoring the Plan's TDFs and by failing to remove imprudent TDFs investments within a reasonable period." (Doc. #55, p. 56.) Plaintiffs further claim that Defendants Evergy, Campbell, and Bassham breached their duty to monitor by failing to monitor the suitability of the American TDFs and failing to monitor and remove the individuals responsible for the management of the Plan. (Doc. #55, p. 58.)

Plaintiffs now move to certify this case as a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(1). Plaintiffs seek to certify the following class:

> All participants and beneficiaries of the Evergy, Inc. 401(k) Plan who invested in any of the American Century Target Date Funds (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) during the Class Period.[2]

(Doc. #75, p. 8.) Defendants oppose class certification.[3]

## II.    LEGAL STANDARD

Class certification is governed by Federal Rule of Civil Procedure 23. Rule 23 requires a plaintiff to satisfy all four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "Rule 23 does not set forth a mere

---

[2] The Class Period is defined as six years prior to the filing of the initial Complaint and continuing through the date of judgment in this action. (Doc. #75, p. 5.)

[3] Defendants Evergy, Bassham, Campbell, and the Committee (the "Evergy Defendants") filed their opposition to Plaintiff's Motion for Class Certification (Doc. #90) separately from Defendant SageView (Doc. #94).

3

pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A plaintiff "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original).

A district court "must undertake a rigorous analysis to ensure that the requirements of Rule 23 are met." *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011) (internal quotations omitted). The Rule 23 analysis will frequently overlap to some extent with the merits of the underlying claims. *Wal-Mart*, 564 U.S. at 351. There are limits to a court's analysis of the merits of a matter at the class certification stage. "A court's inquiry on a motion for class certification is tentative, preliminary, and limited.'" *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (internal quotations omitted). "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). With these standards in mind, the Court will analyze the motion for class certification in accordance with the requirements of Rule 23.

### III.    DISCUSSION

#### A.  Article III Standing

Standing requires a plaintiff to demonstrate he has an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and that the injury "is likely [to] be redressed by a favorable decision." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). Defendants argue that "the class representatives and every class member must have Article III standing in order to recover individual damages" and that "at least a portion of Plaintiffs'

4

proposed class suffered no injury" because "some participants were undoubtedly better off investing in the Plan's TDFs than they would have been investing in Plaintiffs' comparator TDFs." (Doc. #90, pp. 9-10) (internal quotations omitted). However, Plaintiffs "are not seeking individual monetary damages, but relief for the Plan as a whole under 29 U.S.C. §§ 1132(a)(2) & 1109(a)." (Doc. #105, p. 14.) "[A] plaintiff with Article III standing may proceed under § 1132(a)(2) on behalf of the plan or other participants." *Braden*, 588 F.3d at 593. The Court will address whether the named Plaintiffs have standing.

Defendant SageView argues that Plaintiff Fluegel executed a release of claims agreement upon her retirement from Evergy and "any putative class member *who did not hold an American Century TDF after executing a release* like Fluegel's would not have standing to assert the claims in this action." (Doc. #94, p. 13) (emphasis added). Defendant SageView "conflat[es] the issue of [Fluegel's] Article III standing with [her] potential personal causes of action under ERISA." *Braden*, 588 F.3d at 592. Regardless, "even if the Release were effective, Fluegel still has an interest arising from *her continued investment in the American Century TDFs in the Plan after the date of the Release*[.]" (Doc. #105, p. 12) (emphasis added).

Besides the release of claims argument, Defendants do not dispute that the named Plaintiffs satisfy the injury and redressability elements of standing. Defendant SageView contends, however, that "Plaintiffs cannot meet the traceability requirement of constitutional standing as to SageView." (Doc. #94, p. 14.) To establish traceability, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

Defendant SageView argues that "the Plan Committee exercised the discretionary authority to remove the American Century TDFs prior to retaining SageView as an ERISA Section 3(38) advisor, and so Plaintiffs cannot demonstrate that any alleged harm to plan participants is fairly traceable to SageView." (Doc. #94, p. 15.) The Court must assume for the purposes of this motion, however, that Plaintiffs' well-pled allegations are true. *See Lujan*, 504 U.S. at 561 (standing must be shown "with the manner and degree of evidence required at the successive stages of the litigation."). Plaintiffs allege that SageView, "the Plan co-fiduciary and investment advisor and consultant, . . . unreasonably and imprudently favored American Century TDFs to be Plan investments and [QDIAs] from the beginning of the Class Period until January 5, 2025." (Doc. #55, p. 1.) The injuries suffered by the Plan are traceable to Defendant SageView, and Plaintiffs have standing to "proceed under § 1132(a)(2) on behalf of the plan or other participants." *Braden*, 588 F.3d at 593.

**B. Class Certification**

Next, the Court addresses the parties' arguments concerning class certification. Plaintiffs bring their claims in a representative capacity under 29 U.S.C. § 1132(a)(2), "which allows an ERISA plan participant to bring a civil action on behalf of a plan for relief under § 1109." *Wildman v. Am. Century Servs., LLC*, No. 16-00737, 2017 U.S. Dist. LEXIS 200574, at \*8 (W.D. Mo. Dec. 6, 2017). "Section 1109 imposes personal liability on a plan fiduciary for plan losses resulting from a breach of the fiduciary's duties and obligations to the plan." *Id.*

**1. Ascertainability**

Rule 23 contains an implicit threshold requirement that the class "must be adequately defined and clearly ascertainable." *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d

6

992, 996 (8th Cir. 2016).  "A class may be ascertainable when its members may be identified by reference to objective criteria."  *McKeage v. TMBC, LLC*, 847 F.3d 992, 998 (8th Cir. 2017).

Plaintiffs define the class as "[a]ll participants and beneficiaries of the Evergy, Inc. 401(k) Plan who invested in any of the American Century Target Date Funds (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) during the Class Period."  (Doc. #75, p. 11.)  Plaintiffs argue that "[t]he members of this Class are readily ascertainable based on Evergy's records of those who were invested in the American Century TDFs."  (Doc. #75, p. 11.)  The Court agrees with Plaintiffs that the class is adequately defined and clearly ascertainable.  *See Wildman*, 2017 U.S. Dist. LEXIS 200574, at *17 (certifying class with similar definition); *see also Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 195 (W.D. Mo. 2009).

### 2.  Rule 23(a)

Under Rule 23(a), a proposed class must satisfy four elements: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative party are typical of the claims or defenses of the class (typicality); and (4) the representative party will fairly and adequately protect the interests of the absent class members (adequacy).  Fed. R. Civ. P. 23(a).  Each element is addressed below.

### i.  Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable."  In determining whether or not the numerosity requirement is satisfied, "the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joinder is relevant."  *Emanuel v.*

7

*Marsh*, 828 F.2d 438, 444 (8th Cir. 1987), *cert. granted and judgment vacated on other grounds*, 487 U.S. 1229 (1988) (citing *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559–560 (8th Cir. 1982)).

Plaintiffs argue that "there are at least hundreds of Plan participants in the proposed class." (Doc. #75, p. 12.) Defendants do not dispute that the class is sufficiently numerous. *See, e.g.*, *Ark. Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 765 (8th Cir. 1971) (twenty class members sufficient); *Paxton*, 688 F.2d at 561 (impracticable to join some portion of the seventy-four class members). Plaintiffs have satisfied the numerosity requirement.

### ii. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 349–50. The "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350.

Plaintiffs contend that "Plan-wide questions" include:

(a) whether Defendants are fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a);

(b) whether Defendants breached their fiduciary duties to the Plan by failing to monitor and remove the American Century TDFs as Plan investment options—including as the Plan's default investment option—despite the terrible performance of the American Century TDFs as well as loss of market share and high turnover rates, and by uncritically relying on SageView's unrealistically favorable ratings of the American Century TDFs;

(c) the nature and extent of the losses to the Plan resulting from each breach of fiduciary duty; and

8

(d) what Plan-wide equitable and other relief the Court should impose in light of Defendants' breach of duty.

(Doc. #75, p. 13.)

Defendants argue commonality is defeated because class members "will have had different experiences depending on their projected retirement date and the type of TDF in which they invested[.]" (Doc. #90, p.13.) Defendants' argument "ignores the fact that the appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs." *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 209 (W.D. Mo. 2006) (citations omitted). Plaintiffs have demonstrated multiple common issues of law and fact, thereby satisfying the commonality requirement. *See Wildman*, 2017 U.S. Dist. LEXIS 200574, at *9-11 (concluding that plaintiffs satisfied the commonality element, despite defendants' argument that individual investment decisions made by each class member barred a finding of commonality).

### iii. Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (citing *Paxton*, 688 F.2d at 562). Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977).

Defendants raise similar arguments against typicality as they did against commonality: "[t]he inherent differences among TDF investors create irresolvable intra-class conflicts[.]" (Doc. #90, p. 14.) The Court finds that Plaintiffs' claims are typical of those of the putative class members because Plaintiffs assert claims on behalf of the entire Plan, all class members are

9

participants in the Plan, and "the alleged breaches of fiduciary duties were directed to the Plan rather than to individual participants." *Wildman*, 2017 U.S. Dist. LEXIS 200574, at *12.

### iv. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562–63 (8th Cir. 1982). The requirement of adequacy "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Defendants do not dispute that Schneider Wallace and Walcheske & Luzi are qualified counsels. Defendants do argue that "Plaintiffs cannot serve as class representatives because they are demonstrably unfamiliar with their own claims." (Doc. #90, p. 16.) The Court rejects this argument for the same reason the court in *Jones* rejected a similar argument:

> Defendants cite to [Plaintiff's] deposition testimony as evidence that she will not vigorously prosecute the interests of the class: Defendants argue that [Plaintiff] does not appropriately understand her suit or the role of a class representative. Class representatives need not have special understanding of the factual or legal issues in their cases. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Here, it is "not surprising that [Plaintiff] cannot articulate the nature of [her] claims since ERISA is a complicated area of the law." *See George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 351 (N.D. Ill. 2008) (citation omitted).

*Jones*, 257 F.R.D. at 192.

Defendants also contend that "Plaintiff Fluegel is also an inadequate class representative because she released her legal claims against Evergy and its representatives—including claims

10

under ERISA—when she voluntarily resigned her employment in December 2022." (Doc. #90, p. 17.) The Court agrees with Plaintiffs that

> [t]he Release released claims under ERISA, but only to the extent those claims were "arising … up to the date of the execution of this Agreement." Release, at 2 ¶ 3. After the Release was signed, however, Ms. Fluegel maintained a significant portion of her retirement savings in the Plan. As late as July 1, 2024, Ms. Fluegel still had a balance in the Plan in excess of $50,000, including more than $8,000 in the American Century TDFs. Bloom Decl. Ex. A, at 1-2. . . . Fluegel still has an interest arising from her continued investment in the American Century TDFs in the Plan after the date of the Release.

(Doc. #105, p. 12.) Even if the release barred all of Plaintiff Fluegel's *individual claims*, Plaintiffs are bringing the claims in this action on behalf of the Plan and are not seeking individual relief. *See In re Aquila ERISA Litig.*, 237 F.R.D. at 210-11 (finding that many employees—including a named plaintiff—signing a severance agreement releasing all claims under ERISA against their employer did not destroy the adequacy requirement).

Defendants argue that "Plaintiff Nagle is also an inadequate representative for the putative class because . . . he was fired from his employment with Evergy after failing multiple drug tests." (Doc. #93-1, p. 17.) The Court agrees with Plaintiffs that the circumstances surrounding Nagle's termination from Evergy do not render him an inadequate class representative. *See In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*, 2019 WL 1418292, at *14 (W.D. Mo. Mar. 21, 2019) ("The Court rejects Defendants' argument that certain named Plaintiffs are inadequate because of past criminal convictions."). Accordingly, the adequacy requirement is met.

11

### 3. Rule 23(b)(1)

If Rule 23(a) is satisfied, the party seeking certification "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast,* 569 U.S. at 33. Plaintiff moves for class certification under Rule 23(b)(1). Rule 23(b)(1) requires a finding that:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(A)-(B).

Defendants argue that Rule 23(b)(1) is inappropriate because "the relief Plaintiffs seek is limited to monetary relief." (Doc. #90, p. 19.) As discussed, Plaintiffs "are not seeking individual monetary damages, but relief for the Plan as a whole[.]" (Doc. #105, p. 14.); *Wildman*, 2017 U.S. Dist. LEXIS 200574, at *14-15 (certifying class seeking Plan-wide relief under Rule 23(b)(1)); *see also Jones*, 257 F.R.D. at 194.

The Court finds both subsections of Rule 23(b)(1) are met. As to subsection (A), the Court agrees with Plaintiffs that "[i]f the Class is not certified here, and adjudication proceeds on an individual basis, there is a very real risk of inconsistent judgments regarding Defendants' compliance with ERISA fiduciary standards[.]" (Doc #75, p. 17); *Wildman*, 2017 U.S. Dist. LEXIS 200574, at *15 ("Defendants owe fiduciary duties to the Plan and therefore, separate lawsuits by individual Plan participants could establish incompatible standards governing Defendants' conduct."). As to subsection (B), because Plaintiffs seek Plan-wide relief,

adjudication of Plaintiffs' claims would be dispositive of the interest of all Plan participants.

Therefore, Plaintiffs have met the requirements under Rule 23(b)(1).

### IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Class Certification (Doc. #74) is

GRANTED.

(1) The Court certifies the following class under Rule 23(b)(1):

> All participants and beneficiaries of the Evergy, Inc. 401(k) Plan who invested in any of the American Century Target Date Funds (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) during the Class Period.[4]

(2) The Court appoints the named Plaintiffs as class representatives.

(3) The Court appoints Schneider Wallace and Walcheske & Luzi as class counsel.

(4) Within twenty-one (21) days from the date of this Order, the parties shall file a joint

proposed amended scheduling order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: October 14, 2025

---

[4] The Class Period is defined as six years prior to the filing of the initial Complaint and continuing through the date of judgment in this action.

13