**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| DERICK L. DOLL, et al., | |
| Plaintiffs, | Case No. 4:25-cv-00043-SRB |
| v. | |
| EVERGY, INC., et al., | |
| Defendants. | |

**ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND**
**ORDER OF APPOINTMENT OF ANALYTICS CONSULTING, LLC**
**AS CLASS ACTION SETTLEMENT ADMINISTRATOR**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #133) and Motion for Appointment of Analytics Consulting, LLC as Class Action Settlement Administrator (Doc. #140).

This litigation (the "Class Action") arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") asserted against Evergy, Inc., the Administrative Committee of the Evergy, Inc. 401(k) Savings Plan, David A. Campbell, Terry Bassham, and SageView Advisory Group, LLC (collectively, "Defendants"), relating to the management of the Evergy, Inc. 401(k) Savings Plan (the "Plan").

Presented to the Court for preliminary approval is a Settlement of the Class Action as against all Defendants. The terms of the Settlement are set out in a Settlement Agreement executed by Class Counsel and Defense Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A. The proposed Settlement resulted from arm's length negotiations by experienced and competent counsel overseen by a neutral mediator;

B. The Settlement was negotiated after Schneider Wallace Cottrell Kim LLP and Walcheske & Luzi LLC, ("Class Counsel") had received pertinent information and documents from Defendants;

C. Class Counsel and Derick L. Doll, Catherine M. Fluegel, and Joseph Nagle, collectively ("Class Representatives") have submitted declarations in support of the Settlement; and

D. Considering the relevant Eighth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing will be held on a date no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order, in the U.S. District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, MO 64106, Courtroom 7B, before the undersigned United States District Judge, to determine, among other issues:

A. Whether the Court should approve the Settlement as fair, reasonable, and adequate, and the release of the Released Claims covered by the Settlement;

B.      Whether the Court should enter the Final Approval Order; and

C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses (including a reserve for future anticipated Administrative Expenses), and Case Contribution Awards.

3.      **Settlement Administrator**: The Court approves and orders that Analytics Consulting, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

A.      The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

B.      The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4.      **Class Certification**: The following Class has previously been certified pursuant to Fed. R. Civ. P. 23(b)(1). (See Order ECF No. 112). The Class consists of:

> [a]ll participants and beneficiaries of the Evergy, Inc. 401(k) Plan who invested in any of the American Century Target Date Funds (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) during the Class Period.

The Class is a non-opt out class certified under Federal Rule of Civil Procedure 23(b)(1). (*Id.*) The Class Period is defined as January 22, 2019, through the date the Court enters the Preliminary Approval Order. (*Id.*, at n.4.)

**5.** **Class Notice**: The Settling Parties have presented to the Court the Short Form Settlement Notice, which is the proposed form of notice regarding the Settlement for mailing to Class Members.

A. The Court approves the text of the Short Form Settlement Notice and the Long Form Settlement Notice and finds that the proposed forms and content therein fairly and adequately:

     i. Summarize the claims asserted;

     ii. Describe the terms and effect of the Settlement;

     iii. Notify the Class members that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards;

     iv. Give notice to the Class of the time and place of the Fairness Hearing and Class Members' right to appear; and

     v. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Case Contribution Awards.

B. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Long Form Settlement Notice and the sending to the last known email address or, if no known email address (or where a known email address is determined to be invalid), then mailed by first-class mail to the last known mailing address  the Short Form Settlement Notice constitute the best notice practicable under the circumstances, provide due and sufficient notice of

the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C. The Settlement Administrator shall send to the last known email address or, if no known email address (or where a known email address is determined to be invalid), then mailed by first-class mail to the last known mailing address, the appropriate Short Form Settlement Notice to each Class Member within forty-five (45) calendar days of the date of this Order, based on data provided by the Plan's Recordkeeper. The Short Form Settlement Notice shall be sent to the last known email address or physical address of each Class Member provided by the Plan's Recordkeeper (or its designee) unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's Recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Short Form Settlement Notice is returned and resend such documents one additional time.

D. On or before the date that the Short Form Settlement Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Long Form Settlement Notice on the Settlement Website.

6. **Approval of CAFA Notice**: The Court approves the form of the CAFA Notice attached as Exhibit F to the Settlement Agreement and orders that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

7. **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing if they have been timely and properly filed with the Clerk of Court. To be

timely, the objection and any supporting documents must be sent to the Court at least fourteen (14) calendar days prior to the scheduled Fairness Hearing. Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate within the time limitation set forth above.

8.   **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing, and Class Counsel shall file a motion for entry of the Final Approval Order (as defined in the Settlement Agreement) at least fourteen (14) calendar days before the Fairness Hearing. Class Counsel shall file their motion seeking approval of the Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Award no later than twenty-eight (28) days prior to the Fairness Hearing.

9.   **No Claims Pending Final Approval Order**: Until this Court determines whether or not to finally approve the Settlement Agreement, no Class Member may directly, through representatives, or in any other capacity commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan as set forth in the Settlement Agreement.

10.   **Continuance of Hearing**: The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date: May 14, 2026